

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

Amy Robinson
*Senior Counsel*
arobinso@law.nyc.gov
Phone:  (212) 356-3518
Fax:  (212) 356-1148

June 17, 2022

**By ECF**
Hon. Sanket J. Bulsara
United Stated District Court Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        In Re:  *Richardson, et al., v. City of New York, et al.*
                 21Civ. 3609 (LDH) (SJB)

Your Honor:

      I am Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York.  Defendants submit this application for a protective order regarding plaintiffs' impermissible Interrogatories and Requests for Production.  In the alternative, if the Court finds plaintiffs' discovery demands to be permissible, defendants respectfully request an extension to respond to plaintiffs' discovery demands from June 21, 2022, to July 11, 2021.  This is defendants' first request for a protective order regarding plaintiffs' discovery demands, and their second request for an extension to respond to plaintiffs' demands.[1]  Plaintiffs oppose the requested extension.

      Defendants certify that they have, in good faith, attempted to confer with plaintiffs' counsel in an effort to resolve this dispute without court intervention.  The undersigned has twice sought to meet and confer with plaintiffs to no avail.  Plaintiffs refuses to meet and confer until and unless defendants respond to the discovery demands.

      Plaintiffs served 18 sets of discovery demands which total 96 interrogatories with 55 subparts and 252 documents requests with 738 subparts in a total of 308 pages.  Attached hereto as Exhibits A are the discovery demands. With limited exception, the interrogatories and document requests seek the, "[i]dentity of all documents," "[a]ll documents," or "[a]ll communications, "[a]ll officers," and so on.   Examples of these discovery demands include:

---

[1] On June 1, 2022, the Court granted a previous extension to June 21, 2022.

• Interrogatory No. 9 seeks the *total* number of persons who NYPD personnel stopped, detained, questioned, or arrested (including those released and issued summonses or desk appearance tickets, or who were processed and/or released "on-line") at or near the May 29 Protest, disaggregated by race. See Ex. A, Plaintiffs' First Set of Interrogatories to Defendant the City of New York.

• Interrogatory No. 10 seeks the full name, rank, shield number, tax identification number, and assigned command of *all* officers involved in *each* of the encounters with persons stopped, detained, questioned, or arrested (including those released and issued summonses or desk appearance tickets, or who were processed and/or released "on-line") at or near the May 29 Protest, disaggregated by race. See Ex. A, Plaintiffs' First Set of Interrogatories to Defendant the City of New York.

• Interrogatory No. 17 seeks the identity of *all* protests or demonstrations since 2000 in connection with which the NYPD deployed officers deployed on bikes. See Ex. A, Plaintiffs' First Set of Interrogatories to Defendant the City of New York.

• Document Request No. 7 seeks *all* documents and communications concerning the May 29 Protest, including but not limited to *any* and *all* documents and videos pertaining to 25 different subparts, including *all* TARU videos, *all* aviation videos, *all* body worn camera videos of *every* officer who attended the protest, *all* dash camera footage, *all* surveillance footage, *all* footage obtained from any businesses, *all* traffic cameras, etc. See Ex. B. Plaintiffs' First Set of Document Requests to Defendant the City of New York.

• Interrogatory No. 14 seeks to identify "all" individuals employed by the City, the NYPD, or any of the agencies or offices, including the Officer of the Mayor, who communicated with NYPD personnel regarding the NYPD's response to the 2020 Racial Justice Protests [*90 separate protests*], including by not limited to the May 29 Protest. See Ex. C, Plaintiffs' First Set Interrogatories to Defendant Mayor Bill de Blasio.[2]

Defendants submit that a protective order is appropriate. Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that any person from whom discovery is sought may move for a protective order and that the court has broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). Rule 26(c)(1) provides in pertinent part that a, "court may, for good cause issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." These discovery demands, as currently written, are inconsistent with letter and spirit of Rules 1, 26, 33 and 34 of the Federal Rules of Civil Procedures, and should be stricken.

As an initial matter, "[b]lanket requests of this kind are plainly overbroad and impermissible." *Henry v. Morgan's Hotel Group, Inc.*, 15 Civ. 1789 (ER) (JLC), 2016 U.S. Dist. LEXIS 8406, at *2 (S.D.N.Y. Jan. 25, 2016) (Cott, M.J.), citing, *inter alia*, *Gropper v. David Ellis Real Estate, L.P.*, 13 Civ. 2068 (ALC)(JCF), 2014 U.S. Dist. LEXIS 16849, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents ... is inherently overbroad"). *See also Vaigasi v. Solow Mgmt. Corp.*, 11-Civ-5088 (RMB)(HBP), 2016 U.S. Dist. LEXIS 18460

---

[2] Exhibit D contains all of the 18 sets of plaintiffs' discovery demands.

(S.D.N.Y. 2016) (underlying discovery requests were substantively deficient as, virtually all of the requests set forth sought "[a]ny and all documents . . ."); *Pollard v. E.I. DuPont de Nemours & Co.*, No. 95-3010, 2004 U.S. Dist. LEXIS 6345, at *5 (W.D. Tenn. Feb. 24, 2004) (holding "any and all" request ambiguous and overbroad). Rule 26 vests the trial judge with broad discretion to dictate the sequence of discovery and narrowly tailor discovery to the needs of the case. *Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998); *see also AMW Material Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67, 72 (E.D.N.Y. 2003) (noting that district courts "are empowered to use protective orders to temper the scope of discovery").

Ample good cause exists here to issue a protective order relieving defendants from responding to these overbroad discovery demands, because seeking "any," "all," "each," would lead to exhaustive and expensive searches, most of which would yield documents and information not relevant to plaintiffs' claims. Other requests are not limited in scope, e.g. those where plaintiffs seek documents and information for the 90 protests from Summer 2020. Others are not limited in time, e.g., those where plaintiff seek information and documents regarding protests going back 21 years.

Further, Rule 1 of the Federal Rule of Civil Procedure states that the Rules, including Rules 33 and 34, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. This is not a class action. Plaintiff commenced this action seeking redress of their own individual claims. As such, discovery should be limited in that regard. Even to the extent that any documents or information overlap with other pending protest cases[3], it still does not mean that plaintiffs are entitled to such broad discovery or that production should be so tremendously burdensome. In fact, gathering the requested documents and information from those cases would require defendants to cull through an immense number of volumes of documents, hundreds of thousands of documents. As such, under Rule 26, these requests are also not proportional to the needs of this case considering the issues at stake and the importance of this type of discovery in resolving the issues, and the undue burden and costs, in time and expense, outweighs any benefit to plaintiffs.

"[T]he Court needs to exercise its supervisory powers to limit the burdensomeness of discovery where the likely probative value is outweighed by the burdensomeness." *Sheppard v. Beerman*, No. 91-cv-1349, 1999 U.S. Dist. LEXIS 7908, at *10 (E.D.N.Y. Apr. 21, 1999) (affirming protective order when defendant would otherwise need "to pore over voluminous files going back eight years to insure accurate compliance with the request"). Here, the Court should grant a protective order for the reasons stated above. As the very least, plaintiffs should limit and tailor their requests to the needs of this case, with burden and expense in mind.

In light of the foregoing, defendants respectfully seek a protective order pertaining to plaintiffs' impermissible discovery demands. If the Court determines that plaintiffs' discovery demands are permissible, defendants respectfully seek the above-requested extension to July 11, 2022, to respond. The extension would also be needed because, while counsel for defendants are

---

[3] To put this in some context, there are eight consolidated cases in the Southern District of New York (which include 4 class actions) and at least 80 "one off" cases. Any search would be a tremendous undertaking and not proportional to the needs of this case.

working on the responses, counsel must also work on other pending matters and due to the voluminous discovery demands themselves as shown above.

Thank you for your consideration herein.

Respectfully submitted,

*Amy Robinson*

Amy Robinson
*Senior Counsel*
Special Federal Litigation Division

cc: To All Plaintiffs' Counsel *Via* ECF

4