KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL     212.763.0883
DIRECT EMAIL    jmatz@kaplanhecker.com

June 23, 2022

**BY ECF**

The Honorable Sanket J. Bulsara
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Bulsara_Chambers@NYED.USCOURTS.GOV

  Re: *Richardson, et al. v. City of New York et al.,* No. 21 Civ. 3609 (E.D.N.Y.) (LDH) (SJB)

Dear Judge Bulsara:

  We represent Plaintiffs New York Senator Zellnor Myrie and former Assemblywoman Diana C. Richardson in this case. We write to oppose Defendants' motion for a protective order or in the alternative, an additional extension until July 11, 2022 to respond to Plaintiffs' discovery requests. *See* ECF No. 52 ("Defs.' Ltr.").

**<u>Background</u>**

  On April 28, 2022, Plaintiffs served their first sets of written discovery demands (requests for production and interrogatories) on each then-named Defendant. The demands served on the City Defendants were identical to each other, as were the demands served on the Defendant-Officers. In lieu of serving procedurally compliant responses and objections, Defendants sent an email on May 9, 2022, stating that "Defendants will not respond to plaintiffs' requests for interrogatories and production of documents as they are excessive, burdensome and not proportional to the needs of this case." That same day, Plaintiffs responded (in relevant part): "You are obliged under the Federal Rules of Civil Procedure 33 and 34 to provide specific responses and objections to each of our discovery requests. A one sentence email asserting that you will not respond at all – based on your unilateral pronouncement that they are collectively excessive, burdensome, and not proportionate – is objectively frivolous and defective as a matter of law. It is the equivalent of no response at all." Defendants did not respond until May 31, 2022 at 1:57 pm—the date on which they were obliged to serve responses and objections—at which point they sent an email stating (in its entirety) as follows: "We need to seek a 60-day extension to reply to plaintiffs' discovery demands. Please let me know your position before 5:00 pm today." Several

hours later, Plaintiffs responded by consenting only to a 14-day extension, as Defendants had "failed to identify any good cause for a 60-day extension."

Ultimately, Defendants sought an extension, and this Court granted that motion only in part, requiring Defendants to respond by June 21, 2022. *See* ECF No. 51. But instead of responding on that date, Defendants informed Plaintiffs on June 14, 2022 that they intended to seek another extension to July 1, 2022. Plaintiffs responded as follows: "In light of Judge Bulsara's order dated June 1, 2022—which denied your request for a longer extension and expressly directed you to respond to our requests by June 21, 2022—we oppose your motion, which is more truly in the nature of a request for reconsideration of an issue that he has already resolved." On June 17, 2022, the Friday before a three-day weekend and the June 21, 2022 deadline, Defendants filed a motion seeking a protective order "relieving" them from having to respond to any of Plaintiffs' discovery demands *at all*, or a request for a further extension to July 11, 2022. *See* Defs.' Ltr.

**Argument**

Defendants' motion should be denied for four independent reasons.

*First*, Defendants' motion is procedurally defective. Defendants never informed Plaintiffs that they would seek a protective order, nor did they seek Plaintiffs' position on that proposal. *See* Fed. R. Civ. P. 26(c)(1). Moreover, Defendants' motion is most truly in the nature of a request for reconsideration of the Court's earlier scheduling order directing that they respond by June 21, 2022, and Defendants fail to offer any sufficient reason for reconsideration of that ruling.

*Second*, Defendants fail to cite even a *single case* in which a court granted a motion for a protective order to obviate a party's obligation to respond to an initial set of discovery demands *at all*. Instead, Defendants cite cases in the motion to compel context, where the responding party had *already* served responses to the discovery requests. *See* Defs.' Ltr. at 2-3 (citing *Gropper v. Davis Ellis Real Est., L.P.*, 2014 U.S. Dist. LEXIS 16849, at *4 (S.D.N.Y Feb. 10, 2014); *AMW Material Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67, 72 (E.D.N.Y. 2003)).[1] As this absence of supportive authority indicates, the proper function of a protective order is not to excuse a party from responding at all (or in a timely manner) to routine civil discovery requests.

*Third*, even if a protective order could in some circumstances be proper to avoid grossly abusive discovery requests, Defendants (who bear the burden of proof) have not established that preparing responses and objections to Plaintiffs' discovery requests in this case would impose "annoyance, embarrassment, oppression or undue burden or expense." Rule 26(c)(1). When a party moves "for a protective order on the ground of undue burden or expense," it must prove "good cause for the order." *Favors v. Cuomo*, 2013 WL 12358269, at *4 (E.D.N.Y. Aug. 27, 2013) (citing *Uto v. Job Site Servs. Inc.*, 269 F.R.D. 209, 211 (E.D.N.Y. 2010) (collecting cases)); *see also In*

---

[1] The other cases that Defendants cite are similarly inapposite. *See Henry v. Morgan's Hotel Grp., Inc.*, 2016 U.S. Dist. LEXIS 8406, at *2 (S.D.N.Y. Jan. 25, 2016) (quashing third party subpoenas to former employees); *Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460 (S.D.N.Y. 2016) (denying motion to compel responses to second requests for production, of which there were more than 1,000 additional requests); *Pollard v. E.I. DuPont de Nemours & Co.*, 2004 U.S. Dist. LEXIS 6345, at *5 (W.D. Tenn. Feb. 24, 2004) (limiting third-party subpoena, filed after successful sexual harassment action and seeking additional costs and fees, to cover narrower sets of documents).

re *Initial Public Offering Sec. Litig.*, 220 F.R.D. 30, 33 (S.D.N.Y. 2003). A party may not use "[c]onclusory assertions and the 'whiff' of possible improprieties . . . to establish good cause," and such assertions "cannot serve as the necessary factual predicate for a protective order." *Gordon v. Target Corp.*, 318 F.R.D. 242, 246 (E.D.N.Y. 2016). Here, Defendants have failed to show any specific or definite injury from drafting responses and objections. Nor have they even attempted a showing that Plaintiffs' requests reflect bad faith. And there is simply no substance to their claim that Plaintiffs' requests suffer from "inconsisten[cy] with [the] letter and spirit of" the Federal Rules. Defs.' Ltr. at 2-3. This case is thus governed by the general rule that "the time-consuming or costly nature of responding to discovery requests does not entitle a party to a protective order." *In re Agent Orange Product Liability Litig.*, 104 F.R.D. 559, 571 (E.D.N.Y. 1985).

*Finally*, Defendants' more specific complaints about Plaintiffs' discovery demands are ill-founded. While Defendants assert that they have been buried in an avalanche of individualized requests, the City Defendants were all served with the same 19 interrogatories and the same 33 requests for production, and the Defendant-Officers were all served with the same 11 interrogatories and the same 18 requests for production. That is a standard number of written discovery demands in a civil case of this magnitude, particularly given Plaintiffs' municipal liability claims. In fact, Defendants served a similar number of discovery requests upon Plaintiffs on February 1, 2022—24 interrogatories and 25 requests for production—and Plaintiffs served timely responses and objections. Defendants' arguments based on the number of the requests are thus unavailing. And so, too, are Defendants' complaints that many of Plaintiffs' requests seek "any and all" documents or communications (within defined time constraints) bearing on certain subjects related to the parties' claims and defenses. That formulation ("any and all") is perfectly common in federal civil litigation. Indeed, Defendants' own requests include similarly phrased demands—*e.g.*, to "Produce all documents regarding the Incident . . . ." Ex. A.

To the extent Defendants believe that Plaintiffs' requests are overbroad or otherwise inconsistent with the Federal Rules, the proper course is for them to serve responses and objections setting forth their position in a particularized manner, so that the parties can undertake a productive meet and confer process. It is decidedly improper for Defendants to continue to delay and obstruct the progress of this case with categorical, procedurally defective objections to all of Plaintiffs' written discovery requests. Such conduct is plainly inconsistent with the Federal Rules of Civil Procedure. For that reason, and for all the reasons given above, Defendants' motion for a protective order should be denied, and Defendants should be directed to respond to Plaintiffs' written discovery requests forthwith.

We appreciate the Court's attention to this matter.

Respectfully submitted,

Joshua A. Matz
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
Tel: (212) 763-0883

Fax: (212) 564-0883
jmatz@kaplanhecker.com

Sean Hecker
Alexandra Conlon
Anne R. Yearwood
Molly K. Webster
Katherine E.S. France
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
shecker@kaplanhecker.com
aconlon@kaplanhecker.com
ayearwood@kaplanhecker.com
mwebster@kaplanhecker.com
kfrance@kaplanhecker.com

*Counsel for Plaintiffs Diana C. Richardson and Zellnor Y. Myrie*