UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

NEW YORK STATE ASSEMBLYWOMAN
DIANA C. RICHARDSON and NEW YORK
STATE SENATOR ZELLNOR Y. MYRIE,

                                 Plaintiffs,

          -against-

CITY OF NEW YORK, *et al.*,

                                Defendants.

------------------------------------------------------------------------X

**ANSWER TO FIRST
AMENDED
COMPLAINT**

21 CV 3609 (LDH) (SJB)

Defendants City of New York ("City"), Bill de Blasio[1], Dermot F. Shea[2], Chief of

Department Rodney Harrison, as successor in interest to Terrance Monahan,[3] Joseph B. Taylor,

Jessica Clinton, Giovanni Calderon, Solomon C. Jacobs, Jorge Perez, Michael Kovalik, Michael

A. Ciota, Max Bermudez, Andrew Ventrella, Eric Olfano and Harry Kerr, by their attorney, the

Honorable. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, as and for

their answer to the first amended complaint, respectfully allege as follows:

       1.  Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "1" of the first amended complaint, except admit that protests

occurred during the Covid-19 pandemic.

       2.  Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "2" of the first amended complaint.

---

[1] Bill de Blasio is no longer the New York City Mayor.

[2] Dermot F. Shea is no longer the Police Commissioner.

[3] Chief Monahan is no longer a member of the NYPD.

3.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the first amended complaint.

4.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the first amended complaint.

5.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the first amended complaint.

6.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the  first amended complaint.

7.   Deny the allegations set forth in paragraph "7" of the first amended complaint.

8.   Deny the allegations set forth in paragraph "8" of the first amended complaint.

9.   Deny the allegations set forth in paragraph "9" of the first amended complaint.

10.  Deny the allegations set forth in paragraph "10" of the  first amended complaint.

11.  Deny the allegations set forth in paragraph "11" of the first amended complaint.

12.  Deny the allegations set forth in paragraph "12" of the first amended complaint.

13.  Deny the allegations set forth in paragraph "13" of the first amended complaint.

14.  Deny the allegations set forth in paragraph "14" of the first amended complaint.

15.  Deny the allegations set forth in paragraph "15" of the first amended complaint.

16. Deny the allegations set forth in paragraph "16" of the first amended complaint.

17. Deny the allegations set forth in paragraph "17" of the first amended complaint, except admit that plaintiffs purport to proceed as stated therein.

18. Deny the allegations set forth in paragraph "18" of the first amended complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

19. Deny the allegations set forth in paragraph "19" of the first amended complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

20. Deny the allegations set forth in paragraph "20" of the first amended complaint, except admit that plaintiffs purport to base venue as stated therein.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the first amended complaint, except admit that Zellnor Y. Myrie is a New York State Senator.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the first amended complaint, except admit that Diana C. Richardson is a New York State Assemblywoman.

23. Deny the allegations set forth in paragraph "23" of the first amended complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and that it maintains a police department.

24. Deny the allegations set forth in paragraph "24" of the first amended complaint except admit that defendant de Blasio was, at all times relevant to the first amended complaint, the Mayor of New York City.

25. Deny the allegations set forth in paragraph "25" of the first amended complaint except admit that defendant Shea was, at all times relevant to the first amended complaint, the New York City Police Commissioner.

26. Deny the allegations set forth in paragraph "26" of the first amended complaint except admit that Terence A. Monahan was the Chief of Department for the NYPD in 20120 and that Rodney Harrison was the Chief of the Department for the NYPD from March 30, 2021, until December 31, 2021.

27. Deny the allegations set forth in paragraph "27" of the first amended complaint except admit that defendant Taylor is a Captain in the NYPD.

28. Deny the allegations set forth in paragraph "28" of the first amended complaint except admit that defendant Clinton is an officer in the NYPD.

29. Deny the allegations set forth in paragraph "29" of the first amended complaint except admit that defendant Calderon is a sergeant in the NYPD.

30. Deny the allegations set forth in paragraph "30" of the  first amended complaint except admit that defendant Jacobs is an officer in the NYPD.

31. Deny the allegations set forth in paragraph "31" of the  first amended complaint except admit that defendant Perez is an officer in the NYPD.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the first amended complaint except admit that defendant Kovalik is an officer in the NYPD.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the first amended complaint except admit that defendant Ciota is a sergeant in the NYPD.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the first amended complaint except admit that defendant Bermudez is an officer in the NYPD.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the first amended complaint except admit that defendant Ventrella is a deputy inspector in the NYPD.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the first amended complaint except admit that defendant Olfano is a sergeant in the NYPD.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the first amended complaint except admit that, defendant Kerr was, at all times relevant to the first amended complaint, an officer in the NYPD.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the first amended complaint.

39. Paragraph "39" of the first amended complaint sets forth a demand for a jury trial to which no response is required.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the first amended complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the first amended complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the first amended complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the first amended complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the first amended complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the first amended complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the first amended complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the first amended complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the first amended complaint except admit that Chief Maddrey was at one time the Commanding Officer of Patrol Borough Brooklyn North.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the  first amended complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the first amended complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the first amended complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the first amended complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the  first amended complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the first amended complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the first amended complaint, except admit that NYPD officers from different command were present at the May 29, 2020, protest at Barclays Center.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the first amended complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the first amended complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the first amended complaint except admit that police gave order for protestors to move on from the Barclays Center.

59. Deny the allegations set forth in paragraph "59" of the first amended complaint.

60. Admit only the City of New York did not have no official City curfew in place on May 29, 2020.

61. Deny the allegations set forth in paragraph "61" of the first amended complaint.

62. Deny the allegations set forth in paragraph "62" of the first amended complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the first amended complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the first amended complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the first amended complaint.

66. Deny the allegations set forth in paragraph "66" of the first amended complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the first amended complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the first amended complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the  first amended complaint.

70. Deny the allegations set forth in paragraph "70" of the first amended complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the first amended complaint.

72. Deny the allegations set forth in paragraph "72" of the first amended complaint.

73. Deny the allegations set forth in paragraph "73" of the first amended complaint.

74. Deny the allegations set forth in paragraph "74" of the  first amended complaint.

75. Deny the allegations set forth in paragraph "75" of the first amended complaint.

76. Deny the allegations set forth in paragraph "76" of the first amended complaint.

77. Deny the allegations set forth in paragraph "77" of the first amended complaint.

78. Deny the allegations set forth in paragraph "78" of the  first amended complaint.

79. Deny the allegations set forth in paragraph "79" of the  first amended complaint.

80. Deny the allegations set forth in paragraph "80" of the first amended complaint.

81. Deny the allegations set forth in paragraph "81" of the first amended complaint.

82. Deny the allegations set forth in paragraph "82" of the  first amended complaint.

83. Deny the allegations set forth in paragraph "83" of the first amended complaint.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the  first amended complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the  first amended complaint.

86. Deny the allegations set forth in paragraph "86" of the first amended complaint.

87. Deny the allegations set forth in paragraph "87" of the first amended complaint.

88. Deny the allegations set forth in paragraph "88" of the first amended complaint.

89. Deny the allegations set forth in paragraph "89" of the first amended complaint.

90. Deny the allegations set forth in paragraph "90" of the first amended complaint.

91. Deny the allegations set forth in paragraph "91" of the first amended complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the first amended complaint.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the first amended complaint and deny that plaintiff Richardson was attacked by police.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the first amended complaint.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the first amended complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the first amended complaint and deny that plaintiff Richardson was attacked by police.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the  first amended complaint and deny that plaintiff Richardson was attacked by police.

98. Paragraph "98" of the first amended complaint are legal conclusions to which no response is required. To the extent that a response to paragraph "98" is required, the allegations are denied.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the  first amended complaint.

100. Deny the allegations set forth in paragraph "100" of the first amended complaint.

101. Deny the allegations set forth in paragraph "101" of the first amended complaint to the extent they can be construed as fact; insofar as this paragraph contains legal conclusions, no response is required. If a response to paragraph "101" is required, the allegations are denied.

102. Deny the allegations set forth in paragraph "102" of the first amended complaint except admit the contents of the Patrol Guide section referenced.

103. Deny the allegations set forth in paragraph "103" of the  first amended complaint.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the first amended complaint.

105. Admit the allegations set forth in paragraph "105" of the first amended complaint.

106. Deny the allegations set forth in paragraph "106" of the first amended complaint.

107. Deny the allegations set forth in paragraph "107" of the first amended complaint.

108. Deny the allegations set forth in paragraph "108" of the first amended complaint.

109. Deny the allegations set forth in paragraph "109" of the first amended complaint.

110. Deny the allegations set forth in paragraph "110" of the first amended complaint.

111. Deny the allegations set forth in paragraph "111" of the first amended complaint.

112. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the first amended complaint.

113. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the first amended complaint.

114. Deny the allegations set forth in paragraph "114" of the first amended complaint.

115. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the first amended complaint.

116. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the first amended complaint.

117. Paragraph "117" of the first amended complaint sets forth legal conclusions to which no response is required. To the extent that a response to paragraph "117" is required, the allegations are denied.

118. Paragraph "118" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "118" is required, the allegations are denied.

119. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the first amended complaint.

120. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the first amended complaint but deny that plaintiff Myrie was assaulted by police.

121. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the first amended complaint.

122. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the first amended complaint.

123. Deny the allegations set forth in paragraph "123" of the first amended complaint.

124. Deny the allegations set forth in paragraph "124" of the first amended complaint to the extent they can be construed as fact; insofar as this paragraph contains conclusions of law, no response is required.

125. Deny the allegations set forth in paragraph "125" of the first amended complaint.

126. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the first amended complaint.

127. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the first amended complaint except admit that NYPD Captains, Lieutenants and Inspectors wear white shirts.

128. Deny the allegations set forth in paragraph "128" of the first amended complaint, except admit that, as a Captain, defendant Taylor wears white shirts as part of his uniform.

129. Deny the allegations set forth in paragraph "129" of the first amended complaint, except admit that defendant Taylor, as a Captain, supervises lower-ranking officers.

130. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the first amended complaint.

131. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the first amended complaint.

132. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the first amended complaint.

133. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the first amended complaint.

134. Paragraph "134"of the first amended complaint sets forth are legal conclusions to which no response is required. To the extent that a response to paragraph "134" is required, the allegations are denied.

135. Deny the allegations set forth in paragraph "135" of the first amended complaint.

136. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the first amended complaint.

137. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the first amended complaint.

138. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the  first amended complaint.

139. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the first amended complaint.

140. Paragraph "140" of the first amended complaint are legal conclusions to which no response is required.

141. Paragraph "141"of the first amended complaint are legal conclusions to which no response is required. To the extent that a response to paragraph "98" is required, the allegations are denied.

142. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the first amended complaint.

143. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the first amended complaint.

144. Deny the allegations set forth in paragraph "144" of the first amended complaint.

145. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the  first amended complaint.

146. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the first amended complaint.

147. Deny the allegations set forth in paragraph "147" of the first amended complaint.

148. Deny the allegations set forth in paragraph "148" of the  first amended complaint.

149. Deny the allegations set forth in paragraph "149" of the  first amended complaint.

150. Deny the allegations set forth in paragraph "150" of the first amended complaint.

151. Deny the allegations set forth in paragraph "151" of the first amended complaint.

152. Deny the allegations set forth in paragraph "152" of the first amended complaint.

153. Deny the allegations set forth in paragraph "153" of the first amended complaint.

154. Deny the allegations set forth in paragraph "154" of the first amended complaint.

155. Deny the allegations set forth in paragraph "155" of the  first amended complaint.

156. Deny the allegations set forth in paragraph "156" of the  first amended complaint.

157. Deny the allegations set forth in paragraph "157" of the first amended complaint.

158. Deny the allegations set forth in paragraph "158" of the first amended complaint.

159. Deny the allegations set forth in paragraph "158" of the first amended complaint and respectfully refer the Court to the cited testimony for its full and accurate content and context.

160. Deny and respectfully refer the Court to the cited testimony for its full and accurate content and context.

161. Deny and respectfully refer the Court to the cited testimony for its full and accurate content and context.

162. Deny and respectfully refer the Court to the cited testimony for its full and accurate content and context.

163. Deny the allegations set forth in paragraph "163" of the  first amended complaint.

164. Deny the allegations set forth in paragraph "164" of the  first amended complaint.

165. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the  first amended complaint.

166. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the first amended complaint.

167. Deny the allegations set forth in paragraph "167" of the first amended complaint.

168. Deny the allegations set forth in paragraph "168" of the first amended complaint.

169. Deny the allegations set forth in paragraph "161" of the first amended complaint.

170. Deny the allegations set forth in paragraph "170" of the first amended complaint except admit that the Report of the Corporation Counsel, James E. Johnson, so stated and respectfully refer the Court to the cited document for its full and accurate content and context.

171. Deny the allegations set forth in paragraph "171" of the first amended complaint.

172. Deny the allegations set forth in paragraph "172" of the first amended complaint.

173. Deny the allegations set forth in paragraph "173" of the first amended complaint.

174. Deny the allegations set forth in paragraph "174" of the first amended complaint.

175. Deny the allegations set forth in paragraph "175" of the first amended complaint.

176. Deny and respectfully refer the Court to the cited interview for its full and accurate content and context.

177. Deny the allegations set forth in paragraph "177" of the first amended complaint except admit that de Blasio and Monahan made decisions during the protests.

178. Deny the allegations set forth in paragraph "178" of the first amended complaint.

179. Deny the allegations set forth in paragraph "179" of the  first amended complaint.

180. Deny the allegations set forth in paragraph "180" of the  first amended complaint.

181. Deny the allegations set forth in paragraph "181" of the first amended complaint and respectfully refer the Court to the cited report for its full and accurate content and context.

182. Deny the allegations set forth in paragraph "182" of the first amended complaint.

183. Deny the allegations set forth in paragraph "183" of the  first amended complaint.

184. Deny the allegations set forth in paragraph "184" of the  first amended complaint.

185. Deny the allegations set forth in paragraph "185" of the  first amended complaint.

186. Deny the allegations set forth in paragraph "186" of the  first amended complaint.

187. Paragraph "187" of the first amended complaint sets forth legal conclusions to which no response is required. To the extent that a response to paragraph "187" is required, the allegations are denied.

188. Deny the allegations set forth in paragraph "188" of the  first amended complaint and respectfully refer the Court to the cited cases for their full and accurate content and context.

189. Deny and respectfully refer the Court to the cited cases for their full and accurate content and context.

190. Deny the allegations set forth in paragraph "190" of the first amended complaint.

191. Deny the allegations set forth in paragraph "191" of the first amended complaint.

192. Deny the allegations set forth in paragraph "192" of the  first amended complaint.

193. Deny the allegations set forth in paragraph "193" of the first amended complaint.

194. Deny the allegations set forth in paragraph "194" of the first amended complaint.

195. Deny and respectfully refer the Court to the cited report for their full and accurate content and context.

196. Paragraph "196" of the first amended complaint sets forth legal conclusions to which no response is required. To the extent that a response to paragraph "196" is required, the allegations are denied.

197. Paragraph "197" of the first amended complaint set forth legal conclusions to which no response is required. To the extent that a response to paragraph "197" is required, the allegations are denied.

198. Deny the allegations set forth in paragraph "198" of the  first amended complaint and respectfully refer the Court to the cited cases for their full and accurate content and context.

199. Deny the allegations set forth in paragraph "199" of the first amended complaint.

200. Deny the allegations set forth in paragraph "200" of the first amended complaint.

201. Deny the allegations set forth in paragraph "201" of the first amended complaint.

202. Deny the allegations set forth in paragraph "202" of the  first amended complaint.

203. Deny and respectfully refer the Court to the cited case for its full and accurate content and context.

204. Deny the allegations set forth in paragraph "204" of the first amended complaint.

205. Deny the allegations set forth in paragraph "205" of the first amended complaint.

206. Deny the allegations set forth in paragraph "206" of the first amended complaint.

207. Deny the allegations set forth in paragraph "207" of the first amended complaint.

208. Deny the allegations set forth in paragraph "208" of the first amended complaint.

209. Deny the allegations set forth in paragraph "209" of the first amended complaint.

210. Deny the allegations set forth in paragraph "210" of the first amended complaint.

211. In response to the allegations set forth in paragraph "211" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

212. Paragraph "212" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "212" is required, the allegations are denied.

213. Paragraph "213" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "213" is required, the allegations are denied.

214. Deny the allegations set forth in paragraph "214" of the first amended complaint.

215. In response to the allegations set forth in paragraph "215" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

216. Paragraph "216" of the first amended complaint sets forth legal conclusions to which no response is required. To the extent that a response to paragraph "216" is required, the allegations are denied.

217. Paragraph "217" of the first amended complaint sets forth legal conclusions to which no response is required. To the extent that a response to paragraph "217" is required, the allegations are denied.

218. Deny the allegations set forth in paragraph "218" of the first amended complaint.

219. Paragraph "219" of the first amended complaint sets forth legal conclusions to which no response is required. To the extent that a response to paragraph "219" is required, the allegations are denied.

220. Paragraph "220" of the first amended complaint sets forth legal conclusions to which no response is required. To the extent that a response to paragraph "220" is required, the allegations are denied.

221. Deny the allegations set forth in paragraph "221" of the first amended complaint.

222. In response to the allegations set forth in paragraph "222" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

223. Deny the allegations set forth in paragraph "223" of the first amended complaint.

224. Paragraph "224" of the first amended complaint sets forth legal conclusions to which no response is required. To the extent that a response to paragraph "224" is required, the allegations are denied.

225. Paragraph "225" of the first amended complaint sets forth legal conclusions to which no response is required. To the extent that a response to paragraph "225" is required, the allegations are denied.

226. Paragraph "226" of the first amended complaint sets forth legal conclusions to which no response is required. To the extent that a response to paragraph "226" is required, the allegations are denied.

227. Paragraph "227" of the first amended complaint sets forth legal conclusions to which no response is required. To the extent that a response to paragraph "227" is required, the allegations are denied.

228. Paragraph "228" of the first amended complaint sets forth legal conclusions to which no response is required. To the extent that a response to paragraph "228" is required, the allegations are denied.

229. Deny the allegations set forth in paragraph "229" of the  first amended complaint.

230. In response to the allegations set forth in paragraph "230" of the  first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

231. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "231" of the  first amended complaint.

232. Paragraph "232" of the first amended complaint sets forth legal conclusions to which no response is required. To the extent that a response to paragraph "246" is required, the allegations are denied.

233. Deny the allegations set forth in paragraph "233" of the  first amended complaint.

234. Deny the allegations set forth in paragraph "234" of the  first amended complaint.

235. Deny the allegations set forth in paragraph "235" of the first amended complaint.

236. Paragraph "236" of the first amended complaint sets forth legal conclusions to which no response is required. To the extent that a response to paragraph "236" is required, the allegations are denied.

237. Deny the allegations set forth in paragraph "237" of the first amended complaint.

238. In response to the allegations set forth in paragraph "238" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

239. Deny the allegations set forth in paragraph "239" of the first amended complaint.

240. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "240" of the first amended complaint.

241. Deny the allegations set forth in paragraph "241" of the first amended complaint.

242. Deny the allegations set forth in paragraph "242" of the first amended complaint.

243. Paragraph "243" of the first amended complaint sets forth legal conclusions to which no response is required. To the extent that a response to paragraph "243" is required, the allegations are denied.

244. Paragraph "244" of the first amended complaint sets forth legal conclusions to which no response is required. To the extent that a response to paragraph "244" is required, the allegations are denied.

245. In response to the allegations set forth in paragraph "245" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

246. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "246" of the first amended complaint. To the extent that a response to paragraph "246" is required, the allegations are denied.

247. Deny the allegations set forth in paragraph "247" of the first amended complaint to the extent they can be construed as fact; insofar as this paragraph contains conclusions of law, no response is required.

248. Paragraph "248" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "248" is required, the allegations are denied.

249. Paragraph "249" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "249" is required, the allegations are denied.

250. Paragraph "250" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "250" is required, the allegations are denied.

251. Paragraph "251" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "251" is required, the allegations are denied.

252. Paragraph "252" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "252" is required, the allegations are denied.

253. Paragraph "253" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "253" is required, the allegations are denied.

254. Paragraph "254" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "254" is required, the allegations are denied.

255. Deny the allegations set forth in paragraph "255" of the first amended complaint.

256. In response to the allegations set forth in paragraph "256" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

257. Deny the allegations set forth in paragraph "257" of the first amended complaint.

258. Paragraph "258" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "258" is required, the allegations are denied,

259. Deny the allegations set forth in paragraph "259" of the first amended complaint.

260. Paragraph "260" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "260" is required, the allegations are denied.

261. Deny the allegations set forth in paragraph "261" of the first amended complaint.

262. Deny the allegations set forth in paragraph "262" of the  first amended complaint.

263. In response to the allegations set forth in paragraph "263" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

264. Paragraph "264" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "264" is required, the allegations are denied.

265. Paragraph "265" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "265" is required, the allegations are denied.

266. Deny the allegations set forth in paragraph "266" of the first amended complaint.

267. Paragraph "267" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "267" is required, the allegations are denied.

268. Deny the allegations set forth in paragraph "268" of the first amended complaint.

269. Deny the allegations set forth in paragraph "269" of the first amended complaint.

270. In response to the allegations set forth in paragraph "270" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

271. Paragraph "271" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "271" is required, the allegations are denied.

272. Paragraph "272" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "272" is required, the allegations are denied,

273. Paragraph "273" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "273" is required, the allegations are denied.

274. Paragraph "274" of the  first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "274" is required, the allegations are denied.

275. Deny the allegations set forth in paragraph "275" of the first amended complaint.

276. Deny the allegations set forth in paragraph "276" of the first amended complaint.

277. In response to the allegations set forth in paragraph "277" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

278. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "278" of the first amended complaint.

279. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "279" of the first amended complaint.

280. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "280" of the first amended complaint.

281. Paragraph "281" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "281" is required, the allegations are denied.

282. Paragraph "282" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "282" is required, the allegations are denied,

283. Deny the allegations set forth in paragraph "283" of the first amended complaint.

284. Paragraph "284" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "284" is required, the allegations are denied.

285. Paragraph "285" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "285" is required, the allegations are denied.

286. In response to the allegations set forth in paragraph "286" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

287. Deny the allegations set forth in paragraph "287" of the first amended complaint.

288. Paragraph "288" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "288" is required, the allegations are denied.

289. Deny the allegations set forth in paragraph "289" of the first amended complaint.

290. Paragraph "290" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "290" is required, the allegations are denied.

291. Paragraph "291" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "291" is required, the allegations are denied.

292. In response to the allegations set forth in paragraph "292" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

293. Paragraph "293" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "293" is required, the allegations are denied.

294. Paragraph "294" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "294" is required, the allegations are denied.

295. Paragraph "295" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "295" is required, the allegations are denied.

296. Paragraph "296" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "296" is required, the allegations are denied.

297. Paragraph "297" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "297" is required, the allegations are denied.

298. Paragraph "298" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "298" is required, the allegations are denied.

299. In response to the allegations set forth in paragraph "299" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

300. Paragraph "300" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "300" is required, the allegations are denied.

301. Paragraph "301" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "301" is required, the allegations are denied.

302. Paragraph "302" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "302" is required, the allegations are denied.

303. Paragraph "303" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "303" is required, the allegations are denied.

304. Paragraph "304" of the first amended complaint sets forth legal conclusions to which no response is required.  To the extent that a response to paragraph "304" is required, the allegations are denied.

**FIRST AFFIRMATIVE DEFENSE:**

305. The first amended complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

306. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable and/or the negligent conduct of others for whom the City of New York is not responsible and was not the proximate result of any act of the defendants.

**THIRD AFFIRMATIVE DEFENSE:**

307. Defendants de Blasio, Shea, Harrison, Taylor Clinton, Calderon, Jacobs, Perez, Kovalik, Ciota, Bermudez, Ventrella, Olfano, and Kerr did not violate any clearly

established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE:

308. Defendants de Blasio, Shea, Harrison, Talyor Clinton, Calderon, Jacobs, Perez, Kovalik, Ciota, Bermudez, Ventrella, Olfano, and Kerr have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have Defendants de Blasio, Shea, Harrison, Talyor Clinton, Calderon, Jacobs, Perez, Kovalik, Ciota, Bermudez, Ventrella, Olfano, and Kerr violated any act of Congress providing for the protection of civil rights.

## FIFTH AFFIRMATIVE DEFENSE:

309. To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

## SIXTH AFFIRMATIVE DEFENSE:

310. Punitive damages cannot be assessed against defendant City.

## SEVENTH AFFIRMATIVE DEFENSE:

311. Plaintiffs have failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

## EIGHTH AFFIRMATIVE DEFENSE:

312. At all times relevant to the acts alleged in the  first amended complaint, Defendants de Blasio, Shea, Harrison, Talyor Clinton, Calderon, Jacobs, Perez, Kovalik, Ciota, Bermudez, Ventrella, Olfano, and Kerr acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on state law claims.

**ELEVENTH AFFIRMATIVE DEFENSE:**

313. At all times relevant to the acts alleged in the first amended complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

**TWELFTH AFFIRMATIVE DEFENSE:**

314. Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

**THIRTEENTH AFFIRMATIVE DEFENSE:**

315. Plaintiffs' claims may be barred, in whole or in part, by their own contributory and comparative negligence and by assumption of risk.

**FOURTEENTH AFFIRMATIVE DEFENSE:**

316. There was probable cause for any alleged detention and/or arrest because, *inter alia*, plaintiffs refused to comply with a lawful order to disperse, were engaged in unlawful assembly and obstructed vehicular and/or pedestrian traffic.

**FIFTEENTH AFFIRMATIVE DEFENSE:**

317. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop because, *inter alia*, plaintiffs refused a lawful order to disperse, were engaged in unlawful assembly and obstructed vehicular and/or pedestrian traffic.

**WHEREFORE,** Defendants de Blasio, Shea, Harrison, Talyor Clinton, Calderon, Jacobs, Perez, Kovalik, Ciota, Bermudez, Ventrella, Olfano, and Kerr respectfully request that the first amended complaint be dismissed in its entirety, that the court enter judgment for

defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.


Dated:          New York, New York
                July 25, 2022

                                        **HON. SYLVIA HINDS-RADIX**
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants*
                                        100 Church Street,
                                        New York, N.Y. 10007-2601
                                        212-356-3518
                                        arobinso@law.nyc.gov


                            By:   *Amy Robinson s/*
                                  _____
                                  Amy Robinson
                                  *Senior Counsel*
                                  Special Federal Litigation Division


cc:      All Attorneys of Record (via ECF)

21-CV-3609 (LDH)(SJB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NEW YORK STATE ASSEMBLY WOMAN DIANA
C. RICHARDSON and NEW YORK STATE
SENATOR ZELLNOR Y. MYRIE,

Plaintiffs,

-against-

CITY OF NEW YORK, *et al.*,

Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT**

***HON. SYLVIA HINDS-RADIX***
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room
New York, New York  10007-2601

Of  Counsel: Amy Robinson
Tel.:  212-356-3518

*Service of which is hereby acknowledged:*

................................. , N.Y.  Dated:  .............................

Signed:  ........................................................................

Print Name:  ..................................................................

Attorney for:  ................................................................