# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL     212.763.0883
DIRECT EMAIL    jmatz@kaplanhecker.com

November 18, 2022

**VIA ECF**

The Honorable Sanket J. Bulsara
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Bulsara_Chambers@NYED.USCOURTS.GOV

    Re:    *Richardson v. City of New York*, No. 21 Civ. 3609 (E.D.N.Y.) (LDH) (SJB)

Dear Judge Bulsara:

    We write pursuant to the Court's order dated August 11, 2022, directing the parties to submit a joint status report regarding discovery in this action. In short, the parties jointly request an adjournment of the fact discovery deadline from December 31, 2022 to February 28, 2023.

    ***Plaintiffs' Report.*** Since the parties appeared before Your Honor on August 10, 2022, we have made progress—albeit unduly limited progress on the part of Defendants—in discovery. Plaintiffs made a production to Defendants on September 15 and will make another by December 2. We anticipate substantially completing our document production in December.

    In contrast, as we have expressed to Defendants in a series of letters and conversations, we have substantial concerns concerning Defendants' compliance with their discovery obligations.

    For starters, Defendants have not been diligent or communicative regarding Plaintiffs' discovery requests. Plaintiffs served the original Defendants with requests on April 28 and served the newly added Defendants on July 28. Following multiple extensions, Defendants finally served responses and objections on July 7 and September 12, respectively, and produced some responsive documents.[1] Although Defendants' R&Os raised a host of objections to our discovery requests, these objections are meritless, factually mistaken, or at odds with standard civil discovery practice. Many of them also reflect a failure to appreciate the nature and scope of the claims in this action.

---

[1] Defendant Calderon did not serve his discovery responses until November 6, and his responses were not signed as required by Rule 33(b)(5). Similarly, several other Defendants have not signed their Interrogatory responses.

KAPLAN HECKER & FINK LLP

2

We have explained as much in several letters to Defendants over the past few months. But the only substantive written response we have received was a two-page letter dated September 16, in which Defendants largely failed to acknowledge (let alone respond to) our detailed correspondence. The parties also participated a meet and confer on October 11 to discuss the numerous discovery issues that remain outstanding; unfortunately, that call failed to resolve most of the parties' disputes.

Therefore, Plaintiffs are seriously concerned about the pace of discovery and Defendants' reliance on improper grounds for refusing to produce documents. These concerns fall into a few general categories. *First*, Defendants have refused to clarify whether they are withholding documents based on a variety of legal grounds that we believe to be meritless—including potential withholding based on law enforcement privilege or assertions that our discovery requests are "vague" or "overly broad." *Second*, many of the documents that Defendants have produced contain significant redactions, seemingly for relevance (which is improper). *Third*, Defendants appear to have decided that they will produce documents only concerning Plaintiffs' individual damages claims, and that they will not produce documents relevant to Plaintiffs' municipal liability claims. *Finally*, as to the documents that Defendants have produced, Defendants have failed to address basic questions (*e.g.*, whether any other responsive materials of that kind remain to be produced).

Because Defendants have made little effort to respond to our concerns, we have received relatively few documents in discovery, we remain unclear as to Defendants' position on key issues concerning the scope of discovery, and we are doubtful that Defendants are willing to engage on these issues within a reasonable timeframe on their own initiative. We recently sent Defendants a letter outlining our principal concerns. If we do not reach a clear, definitive resolution of those issues within the next month—which would be necessary to advance the document discovery process (and for us to identify potential deponents)—Plaintiffs anticipate seeking judicial relief.

*Defendants' Report.*

This case arises out of plaintiffs' claims that they were subjected to excessive force and unlawfully arrested at a protest at the Barclays Center on May 29, 2020. Plaintiffs also bring a Monell claim based on allegations concerning the City's purported policies and practices regarding "kettling." It cannot be disputed that this protest, with a crowd of 500-1,000 people, became violent and aggressive. Despite the straightforward nature of this case, plaintiffs have sued the City, Mayor Bill DeBlasio, Dermot Shea, Rodney Harrison and eleven individual officer defendants. Since the previous conference, plaintiffs have provided one production of documents on or about September 15, 2022. Defendants have provided all body-worn camera footage, over a dozen sets of discovery responses, and over 100 pages of additional documents, including officer training records, disciplinary records related to force or that implicate dishonesty, and training and policy documents. Furthermore, defendants are in the process of reviewing additional voluminous policy and training documents for responsiveness and/or production. Thus, contrary to plaintiffs' statements above, which are not well-taken, defendants have been diligently complying with their discovery obligations. However, due to the overbreadth and ambiguity of plaintiffs' requests, and plaintiffs' unwillingness to narrow their requests to documents that are actually relevant herein, the pace of discovery has been slowed. While defendants intend to continue to participate in discovery in good faith, in the event that plaintiffs refuse to tailor their discovery requests to the disputed issues in *this* litigation, defendants may be forced to seek a protective order.

KAPLAN HECKER & FINK LLP

3

We thank the Court for its attention to this matter.

Respectfully submitted,

| | |
|---|---|
| */s/ Joshua A. Matz* | */s/ Erica Bianco* |
| Joshua A. Matz | Erica Bianco |
| Raymond P. Tolentino | Special Federal Litigation Division |
| KAPLAN HECKER & FINK LLP | New York City Law Department |
| 1050 K Street NW, Suite 1040 | 100 Church Street |
| Washington, DC 20001 | New York, New York 10007 |
| Tel: (212) 763-0883 | ebianco@law.nyc.gov |
| Fax: (212) 564-0883 | |
| jmatz@kaplanhecker.com | *Counsel for Defendants, The City of New York, Bill De Blasio; NYPD Commissioner Dermot Shea; NYPD Chief of Department Rodney Harrison as successor in interest to Terence Monahan (retired); and NYPD Members of the Service Joseph B. Taylor, Jessica Clinton, Giovanni Calderon, Solomon C. Jacobs, Jorge Perez, John Doe #1, Michael Kovalik, Michael A. Ciota, Max Bermudez, Andrew Ventrella, Eric Olfano, and Harry Kerr* |
| rtolentino@kaplanhecker.com | |
| | |
| Sean Hecker | |
| Alexandra Conlon | |
| Anne R. Yearwood | |
| Molly K. Webster | |
| KAPLAN HECKER & FINK LLP | |
| 350 Fifth Avenue, 63rd Floor | |
| New York, New York 10118 | |
| Tel: (212) 763-0883 | |
| Fax: (212) 564-0883 | |
| shecker@kaplanhecker.com | |
| aconlon@kaplanhecker.com | |
| ayearwood@kaplanhecker.com | |
| mwebster@kaplanhecker.com | |

*Counsel for Plaintiffs Diana C. Richardson and Zellnor Y. Myrie*