**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL      212.763.0883
DIRECT EMAIL    jmatz@kaplanhecker.com

February 1, 2023

**VIA ECF**

The Honorable Sanket J. Bulsara
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Bulsara_Chambers@NYED.USCOURTS.GOV

   Re:  *Richardson v. City of New York*, No. 21 Civ. 3609 (E.D.N.Y.) (LDH) (SJB)

Dear Judge Bulsara:

  Pursuant to Rules II.A and IV.B of Your Honor's Individual Practices, we write on behalf of Plaintiffs to reluctantly request that the Court adjourn the fact discovery completion deadline (currently set for March 31, 2023), until four months after the resolution of Plaintiffs' Motion to Compel (ECF 64). This is the fourth request for an extension. *See* ECF 51, Aug. 10 Tr., Dec. 8 Tr. We have consulted with Defendants, who consent to this request for an extension.

  On December 8, 2022, Your Honor held a conference concerning the status of discovery. There, Plaintiffs raised concerns with Defendants' productions, including their failure to produce a wide range of relevant materials and their improper use of redactions. Following that conference, and as set forth in the Motion to Compel, Plaintiffs sought to engage with Defendants to resolve these issues. *See* ECF 64 at 1-3. Unfortunately, Defendants largely adhered to their boilerplate objections and refused to make productions responsive to many of Plaintiffs' discovery requests.

  In total, Defendants have produced roughly 320 pages concerning the Individual Claims. But these productions have not included four important categories of material: (1) documents relating to the Defendant-Officers' disciplinary history; (2) documents related to the Defendant-Officers' deployment and conduct at the May 29, 2020 protest; (3) documents relating to the Defendant-Officers' conduct and deployment during the 2020 Racial Justice Protests; and (4) documents in which Defendants communicated internally about preparing for and responding to

KAPLAN HECKER & FINK LLP

the 2020 Racial Justice Protests. *See* ECF 64 at 4-7. With respect to the separate Municipal Claims, Defendants sent a document dump of approximately 250,000 pages of "policy documents" on January 6, 2023. But our initial review of those materials indicates that many of these documents are unrelated to Plaintiffs' claims—and, in all events, Defendants have come nowhere close to meeting their rest of their obligations given the scope of the Municipal Claims. *See id.* at 9-12.

Plaintiffs therefore had no choice but to file the Motion to Compel on January 23, 2023 (adhering to the operative scheduling order). As explained in the Motion—which describes the relevance and significance of the documents and communications at issue—Plaintiffs seek relief as to crucial categories of materials directly related to the claims and defenses in this litigation.

Under the briefing schedule set by the Court, Defendants are not required to respond to the Motion to Compel until February 13, 2023. We have not heard from Defendants since the filing of the Motion to Compel (despite sending a letter in which we expressly invited further dialogue if their position has evolved), so there is no reason to expect a more expeditious resolution of the parties' disagreements concerning the proper scope of discovery. And even after Defendants file their response, it will take additional time for the Court to resolve the Motion, for Defendants to make any subsequent productions ordered by the Court, for Plaintiffs to review such productions, and for the parties to further assess whether Defendants have in fact satisfied their obligations. These developments may well extend past March 31, 2023 (the current fact discovery deadline).

That timeframe also presents a more immediate difficulty because depositions are set to begin on February 14, 2023 (just one day after Defendants file their response to the Motion to Compel). *See* ECF 63 at 1. Given the many defects in Defendants' discovery responses—defects that bear on every issue and every witness—Plaintiffs have substantial concern about undertaking depositions based on a markedly incomplete documentary record. Not only would that unfairly reward Defendants for failing to uphold their discovery obligations, but it would also inevitably result in motions to re-open depositions and to expand the scope of discovery (assuming that the Court finds merit in the positions set forth in the Motion to Compel, which, obviously, we believe it should). Plaintiffs have carefully reviewed the matter and do not believe there are any likely deponents unaffected in material respect by the deficiencies outlined in the Motion to Compel.

Accordingly, Plaintiffs respectfully submit that the Court should extend the fact discovery deadline. Given the indeterminacy inherent in the proceedings to resolve the Motion to Compel, Plaintiffs further submit that it would be most appropriate to set a fact discovery deadline keyed to the resolution of that motion, thus clarifying the presumptive timeframe within which additional productions should be made and depositions should occur. Assuming that Defendants respond with alacrity to the Court's ultimate decision on the Motion to Compel—or that the Court ensures such alacrity (as we would propose) by ordering that any ensuing productions to be made within 30 days—Plaintiffs believe that four months should be a sufficient time to conclude fact discovery.

KAPLAN HECKER & FINK LLP

Respectfully submitted,

Joshua A. Matz
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
Tel: (212) 763-0883
Fax: (212) 564-0883
jmatz@kaplanhecker.com

Sean Hecker
Alexandra Conlon
Anne R. Yearwood
Molly K. Webster
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
shecker@kaplanhecker.com
aconlon@kaplanhecker.com
ayearwood@kaplanhecker.com
mwebster@kaplanhecker.com

*Counsel for Plaintiffs Diana C. Richardson and Zellnor Y. Myrie*